MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: CHRISTINE MEDING (CM-8556)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2614

JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

**07 CIV 8218**

UNITED STATES OF AMERICA

    -v.-

$30,000 IN UNITED STATES CURRENCY,
SEIZED FROM CITIBANK, NEW YORK,
ACCOUNT NUMBER XXXXX235, HELD IN THE
NAME OF ELIE K. EL ASMAR;

    Defendant-in-rem.

- - - - - - - - - - - - - - - - - - - - x

VERIFIED COMPLAINT

07 Civ.


RECEIVED SEP 20 2007 U.S.D.C. S.D.N.Y. CASHIERS

    Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

## I. NATURE OF THE ACTION

    1. This is an action by the United States of America seeking forfeiture of $30,000 IN UNITED STATES CURRENCY, SEIZED FROM CITIBANK, NEW YORK, ACCOUNT NUMBER XXXXX235, HELD IN THE NAME OF ELIE K. EL ASMAR (the "Defendant Currency"). As set forth below, the Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as moneys furnished or

intended to be furnished in exchange for a controlled substance, all proceeds traceable to such exchanges, and all moneys used or intended to be used to facilitate such exchanges, and pursuant to 18 U.S.C. § 981, as property involved in a money laundering transaction or attempted money laundering transaction.

## II. JURISDICTION AND VENUE

2.   This Court has jurisdiction pursuant to 28 U.S.C. § 1345 and 1355.

3.   Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York and pursuant to 28 U.S.C. § 1395(b) because the Defendant Currency was found and seized in the Southern District of New York, as described below.

## III. PROBABLE CAUSE FOR FORFEITURE

### The Investigation

4.   On or about July 27, 2005, a confidential source (the "CS") informed members of the United States Drug Enforcement Administration (the "DEA") that a money-laundering organization was seeking to launder approximately $100,000 in narcotics proceeds; specifically, a Venezuelan money broker known to the CS (the "Money Broker") contacted the CS and told the CS, in substance and in part, that he had approximately $100,000 to be

picked up by the CS. Based on his prior dealings with the Money Broker, the CS understood that this money was narcotics proceeds.

5. On or about July 27, 2005, an unknown male called the CS. The unknown male had received the CS's telephone number from the Money Broker and the unknown male and the CS identified themselves by code words supplied by the Money Broker. This unknown male gave the CS approximately $319,930.00 in cash. The DEA took custody of this money pending further instructions from the Money Broker to the CS.

6. Over the course of the next several days, the Money Broker instructed the CS to deliver portions of the $319,930.00 to various individuals at different locations around New York City. Unbeknownst to the Money Broker, the DEA used undercover agents to deliver the cash pursuant to the instructions provided by the Money Broker to the CS.

7. Specifically, on or about July 28, 2005, an undercover agent delivered approximately $70,000.00 in cash to three men in Manhattan.

8. On or about August 1, 2005, another undercover agent delivered approximately $60,000 to another man in Queens.

9. On or about August 2, 2005, the CS received an e-mail from the Money Broker in which the Money Broker instructed the CS to deposit $30,000.00 into Citibank account number 80767235 (the "Citibank Account"), which the Money Broker said

3

was held in the name of "Elie El Asmar." The CS advised the DEA that the money should be deposited into the Citibank Account in increments.

10. On or about August 4, 2005, a DEA agent removed $30,000.00 from the cash that the unknown male had originally given to the CS on July 27, 2005. Over the course of the next several days, other agents from the DEA accompanied the CS to two different Citibank branches and observed the CS make three deposits into the Citibank Account held in the name of Elie El Asmar, totaling $27,100.00. Specifically:

    a. On or about August 4, 2005, other DEA agents accompanied the CS to a Citibank branch located at 201 West 34th Street, New York, New York, while other DEA agents observed the CS deposit $9,000 into the Citibank Account held in the name of Elie El Asmar.

    b. On or about August 5, 2005, two other agents accompanied the CS to another Citibank branch located at 1 Park Avenue, New York, New York. These DEA agents observed the CS deposit $9,000 into the Citibank Account held in the name of Elie El Asmar.

    c. On or about August 8, 2005, two other DEA agents accompanied the CS to the Citibank branch located at 201 West 34th Street, New York, New York, where they deposited $9,100 into the Citibank Account held in the name of Elie El Asmar.

d. On or about August 10, 2005, other DEA agents went to the Citibank branch located at 201 West 34th Street, New York, New York and deposited approximately $2,900.00 into the Citibank Account held in the name of Elie El Asmar.

11. In total, approximately $30,000.00 was deposited into the Citibank Account held in the name of Elie El Asmar. As noted in paragraph 5, supra, this $30,000.00 was obtained by the CS from the unknown male who worked with the Money Broker, and as noted in paragraph 4, supra, based on his prior dealings with the Money Broker, the CS understood that this money was the proceeds of narcotics trafficking. The $30,000.00 was deposited into the Citibank Account by DEA agents or the CS under the supervision of DEA agents, pursuant to the instructions provided by the Money Broker.

12. Based on the actions described above, on or about May 24, 2006, the Grand Jury of the Special Narcotics Courts of the City of New York indicted ELIE EL ASMAR in two counts (the "New York State Indictment"). Count One charged EL ASMAR with money laundering in the second degree, in violation of N.Y. Penal Law § 470.15(1)(a)(ii)(A), and Count Two charged EL ASMAR with money laundering in the third degree, in violation of N.Y. Penal Law § 470.10(1)(a)(ii)(A).

13. In or about November 2005, a DEA Special Agent based in Brussels, Belgium, informed the DEA in New York that EL

ASMAR was wanted in Belgium on narcotics charges and that an Interpol Arrest warrant had been issued for EL ASMAR. On or about March 4, 2006, DEA agents arrested EL ASMAR at John F. Kennedy International Airport in Queens, New York. EL ASMAR subsequently was extradited to Belgium to face the narcotics charges pending in that country. The New York State Indictment is still pending.

### IV. FIRST CLAIM FOR FORFEITURE

14. The allegations contained in paragraphs One through Thirteen of this Complaint are repeated and realleged as if fully set forth herein.

15. Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such exchanges, and all moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

16. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because there is probable cause to believe that it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such exchanges, and/or moneys used or intended to be used to

facilitate such exchanges, in violation of Title 21 of the United States Code.

17. By reason of the above, the Defendant Currency became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

## V. SECOND CLAIM FOR FORFEITURE

18. The allegations contained in paragraphs One through Thirteen of this Complaint are repeated and realleged as if fully set forth herein.

19. Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of [Title 18], or any property traceable to such property."

20. Title 18, United States Code, Section 1956(a), commonly known as the "money laundering" statute, imposes a criminal penalty upon

> (a)(1) [w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity --
>
> > (A)(i) with the intent to promote the carrying on of a specified unlawful activity; or (ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or

(B) knowing that the transaction is designed in whole or in part -- (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or (ii) to avoid a transaction reporting requirement under State or Federal law.

21. "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7), and the term includes an offense listed under 18 U.S.C. § 1961(1). Section 1961(1)(D) lists as an offense, "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States."

22. The Defendant Currency is subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A) because there is probable cause to believe that the Defendant Currency is property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 or constitutes property traceable to such property.

23. By reason of the above, the Defendant Currency became, and is, subject to forfeiture to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Currency and that all persons having an interest in the Defendant

Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated:   New York, New York
         September 18, 2007

>                    MICHAEL J. GARCIA
>                    United States Attorney for
>                    Plaintiff United States of America
>
> By:   _____
>       CHRISTINE MEDING (CM-8556)
>       Assistant United States Attorney
>       One St. Andrew's Plaza
>       New York, New York 10007
>       (212) 637-2614 (telephone)